**UNITED STATES of America,**
**Plaintiff,**

v.

**James M. BOYCE, Jr., a.k.a. James M. Boyce et al., Defendants.**

**No. CIV. 99CV0003L(POR).**

United States District Court,
S.D. California.

July 3, 2001.

Henry C. Darmstadter, U.S. Department of Justice, Tax Division, Washington, DC, for U.S.

James M. Boyce, Jr., Oceanside, CA, pro se.

Larry G. Lushanko, Law Offices of Larry G. Lushanko, Bonsall, CA, Richard Shepard, Law offices of Richard Shepard, Tacoma, WA, for James M. Boyce, Jr.

Leslie Branman Smith, State of California, Office of the Attorney General, San Diego, CA, John R. Akin, Sacramento, CA, for Franchise Tax Bd.

## ORDER GRANTING MOTION FOR ENTRY OF JUDGMENT BY STIPULATION

LORENZ, District Judge.

This matter comes before the Court on the State of California Franchise Tax Board's ("Board") Motion for Entry of Judgment by Stipulation. By order dated May 18, 2001, the Court ordered the Board

to respond to the oppositions filed to the motion. Having received the reply, the Court finds this motion is now suitable for determination without oral argument pursuant to Civil Local Rule 7.1(d)(1).

## BACKGROUND

Plaintiff the United States of America (the "United States") filed this action to reduce to judgment certain unpaid tax assessments against Defendants James M. Boyce, Jr., a.k.a. James M. Boyce and Shelley Boyce (collectively referred to as the "Boyces"), and to foreclose on real property located at 577 Sleeping Indian Road in San Diego County. One of the Defendants named in this action is the Board. The Board was named as a Defendant because it is a party that could have an interest in the property. (Complaint ¶ 12.) The United States also named White Rail Company ("White Rail") as a Defendant because it is a party that could have an interest in the property. (Complaint ¶ 8.) The United States' third cause of action for fraudulent conveyance is alleged against White Rail and based on the argument that various transfers of the 577 Sleeping Indian Road property were fraudulent.

On March 3, 1999, White Rail filed a motion to dismiss the only cause of action asserted against it—the third claim for fraudulent transfer—arguing that the claim is barred by the statute of limitations. By order dated April 9, 1999, the Honorable Irma E. Gonzalez denied White Rail's motion to dismiss, holding that the United States' action based on the transfer of the property to White Rail was timely. On August 18, 1999, White Rail and the United States stipulated that the United States' federal tax liens against the Boyces are superior to and take priority over any interest held by White Rail in the property. The stipulation provided that White

Rail reserved the right to appeal Judge Gonzalez's April 9, 1999, order, and that judgment would not be entered unless the Court adjudicated the first and second claims for relief reducing the federal income tax liabilities against the Boyces to judgment in favor of the United States.

By order dated February 15, 2001, this Court granted the United States' motion for partial summary judgment and motion for entry of judgment on the third cause of action for foreclosure. The Court directed that the Clerk of the Court enter judgment against James M. Boyce, Jr. in the amount of $290,761.96, plus interest, and against Shelley A. Boyce in the amount of $227,249.98, plus interest. The Court further directed that the Clerk of the Court enter judgment on the third cause of action against Jacob Family Preservation Trust, a.k.a., Jacob Family Trust and Northern Plains Services based upon default and against White Rail Company based upon the August 18, 1999, stipulation. On February 16, 2001, the Clerk of the Court entered judgment as instructed by the Court. By order dated April 27, 2001, the Court clarified that its February 15, 2001, order was certified under Federal Rule of Civil Procedure 54(b).

On April 16, 2001, White Rail appealed the Court's February 15, 2001, order. On June 21, 2001, the Ninth Circuit Court of Appeals granted White Rail's voluntary dismissal of its appeal.

## DISCUSSION

The Board has liens for taxes the Boyces owe the State of California as of March 31, 2001, that total $137,218.79 against James Boyce and $93,115.11 against Shelley Boyce. (Board's Memo. Exhs. A, B.) Notices of the Proposed Assessments were sent to the Boyces pursuant to California tax law. (*See* Perez–Heltzel Decl.[1] at 1.) The Board and the

1. The Boyces have objected to the declaration of Teresa Perez–Heltzel on the grounds she

United States have reached an agreement regarding the priority of the tax liens. The stipulation provides the Board has assessed state income taxes for the year 1984 against James M. Boyce Jr. totaling $16,285.71 and that those liens arising against James M. Boyce, Jr. based upon that assessment attach to the Sleeping Indian Road property and have priority over the federal tax liens adjudicated by this Court in its February order. (Board's Memo Exh. D.). The stipulation further states that the Order of Foreclosure and Judicial Sale of the Sleeping Indian Road property shall provide that the property shall be sold free and clear of the State of California and the State of California shall be entitled to receive net proceeds from the sale of the property to satisfy the 1984 income tax assessments prior to distributions being made to the United States in connection with the federal tax liens. *Id.* Finally, the stipulation provides that the federal tax liens arising from the income tax liabilities of the Boyces for 1979 through 1984 have priority over all State of California tax liens with the exception of the 1984 tax lien against James M. Boyce Jr. *Id.* By this motion, the Board requests the Court to enter judgment by stipulation in accordance with that agreement.

The Boyces oppose this motion, arguing that neither the validity nor the priority of the Board's liens have been adjudicated in any legal forum. The Boyces state the Board failed to counterclaim against the United States, failed to allege a cross-claim against the Boyces, and failed to ask for an order of foreclosure or quieting title and did not state any facts that supported the liens. The Boyces further contend that the Board cannot enforce its liens in this Court without showing that this Court has jurisdiction over the Board's tax claim.

■ This Court is not the proper form for any challenge the Boyces may have regarding the validity of the Board's tax liens. The Tax Injunction Act provides that "district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 29 U.S.C. § 1341. The Supreme Court and the Ninth Circuit have both held that California offers a "plain, speedy and efficient remedy" in its courts for tax appeals. *Franchise Tax Bd. v. Alcan Aluminum,* 493 U.S. 331, 338, 110 S.Ct. 661, 107 L.Ed.2d 696 (1990); *Jerron West, Inc. v. State of California State Board of Equalization,* 129 F.3d 1334, 1339 (9th Cir.1997). Therefore, the Boyces cannot contest the state tax assessments and liens against them in this Court. Further, the Board is entitled to immunity under the Eleventh Amendment, which bars suits against a state "by private parties in federal court absent a valid abrogation of that immunity or an express waiver by the state." *In re Mitchell,* 209 F.3d 1111, 1115–16 (9th Cir. 2000). Rather, the proper method for the Boyces to have challenged the taxes assessed against them would have been to pursue their state administrative and judicial remedies. *See Jerron,* 129 F.3d at 1339.

■ Moreover, the Court finds that the evidence presented shows that the state tax liens are valid. Under California Revenue and Taxation Code section 19221, the amount of taxes, interest, and penalties owed by the Boyces became a perfected and enforceable state tax lien upon their failure to pay the amount imposed at the time that it became due and payable. Cal. Rev. & Tax.Code § 19221. The Board has submitted copies of the liens for the taxes,

should have been named as a witness while discovery was open in this case. The Boyces'

argument is without merit and their objection is overruled.

and copies of the Certificates of Tax Due and Delinquency.[2] (Board's Mot. Exhs. A, B.) The Board has also presented evidence showing the Notices of Proposed Assessments were sent to the Boyces and liens were filed. (Perez–Heltzel Decl. at 1–2) The Boyces' records indicate they did not submit a claim for refund for any of the relevant tax years. (Perez–Heltzel Decl. at 2.) All assessments are therefore final.

White Rail also opposes the instant motion, contending that the proposed stipulation seeks judicial determination of the attachment of the Board's tax liens against the Boyces to real property that is in the name of White Rail. White Rail contends that it was not notified of the liens against the Boyces and that since the Board did not participate in the stipulation between the United States and White Rail the Board cannot receive any proceeds from the foreclosure sale of the Sleeping Indian Road property. White Rail argues this Court does not have the jurisdiction to determine whether the Board's liens can attach to the subject property, and is also barred by the statute of limitations from doing so.

■ White Rail's arguments do not persuade the Court. Under California Government Code section 7170, state tax liens against the Boyces attach to "all property and right to property whether real or personal, tangible or intangible, including all after-acquired property and rights to property, belonging to the" Boyces and located in California. *See* Cal. Gov't Code § 7170. As discussed above, in this action the United States alleges the Sleeping Indian Road property was fraudulently conveyed to White Rail. This Court has entered judgment pursuant to the stipulation between White Rail and the United States. White

Rail has dismissed its appeal of that judgment. Further, the Boyces have moved to stay enforcement of the United States' judgment against them, and have offered the Sleeping Indian Road property as security. Consequently, the record before the Court establishes that the Boyces own the property and therefore the Board's tax liens can properly attach to the property.

Finally, it appears that in reaching this stipulation, these parties followed the general federal and California rule of "first in time, first in right." *United States By and Through IRS v. McDermott*, 507 U.S. 447, 449, 113 S.Ct. 1526, 123 L.Ed.2d 128 (1993); *Thaler v. Household Finance Corp.*, 80 Cal.App.4th 1093, 1099, 95 Cal. Rptr.2d 779 (2000); Cal. Civ.Code § 2897. Accordingly, the Court finds that the record shows that entry of judgment is warranted pursuant to the stipulation between the United States and the Board.

### CONCLUSION

Having reviewed the parties' briefs, applicable law, and good cause appearing, **IT IS HEREBY ORDERED:**

1. The Board's motion for entry of judgment by stipulation is **GRANTED.** The Clerk of the Court is directed to enter judgment against Plaintiff United States in accordance with the stipulation entered into between Plaintiff United States and Defendant California Franchise Tax Board, a copy of which is attached.

2. The proceedings against all parties now being terminated, the pretrial conference scheduled for July 9, 2001, in this action is **VACATED.**

**IT IS SO ORDERED.**

---

2. The Boyces have filed objections to this evidence stating that the documents have not been properly authenticated. The Court disagrees. *Exhibit A contains copies of the* Boyces' Notices of State Tax Liens. These documents are official records and therefore are self-authenticating. The Boyces' objections are overruled.

STIPULATION REGARDING PRIORITY OF TAX LIENS BETWEEN THE UNITED STATES OF AMERICA AND THE STATE OF CALIFORNIA, FRANCHISE TAX BOARD

IT IS HEREBY STIPULATED AND AGREED between the plaintiff United States of America and defendant State of California, Franchise Tax Board, by and through undersigned counsel, that judgment shall be entered as follows:

1. The State of California, Franchise Tax Board assessed state income taxes for the year 1984 against James M. Boyce, Jr. on December 22, 1986 and on March 22, 1988. The total amount due on these tax assessments is $16,285.71, which includes interest calculated through July 1, 2000.

2. The state income tax liens arising against James M. Boyce, Jr, based upon the assessments identified in the above paragraph, attach to the Sleeping Indian Road Property and have priority over the federal tax liens adjudicated by the Court in its Order and Judgment, dated February 16, 2001.

3. The Order of Foreclosure and Judicial Sale of the Sleeping Indian Road Property shall provide that the Property shall be sold free and clear of the State of California and the State of California shall be entitled to receive net-proceeds from the sale of the Sleeping Indian Road Property to satisfy the 1984 income tax assessments, identified above, prior to distributions being made to the United States in connection with the federal tax liens.

4. The federal tax liens arising from the income tax liabilities of James and Shelley Boyce for the year 1979 through 1984 have priority over all State of California tax liens except for the income tax liens for 1984 against James M. Boyce Jr., identified above.